NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| HEYDI DE LA CRUZ & VICTOR A. RODRIGUEZ<br><br>Plaintiffs,<br><br>v.<br><br>CROSSCOUNTY MORTGAGE LLC *et al.*,<br><br>Defendants. | No. 24cv605 (EP) (LDW)<br><br>OPINION |

**PADIN, District Judge.**

*Pro se* Plaintiffs Heydi De La Cruz and Victor A. Rodriguez ("Plaintiffs") bring this action against Defendants Crosscountry Mortgage LLC ("CCM"), Nationstar Mortgage LLC ("Nationstar"), and Government National Mortgage Association ("Ginnie Mae") (collectively, "Defendants") relating to a $628,408.00 mortgage loan (the "Loan") taken out by Plaintiffs and secured by a mortgage against their New Jersey real property. The Court discerns that Plaintiffs assert the following purported causes of action: (1) breach of fiduciary duty; (2) breach of contract; (3) conversion; (4) fraudulent concealment; (5) fraudulent representation; (6) invalid foreclosure; (7) violation of the Real Estate Settlement Procedures Act[1] ("RESPA"); (8) violation of the Truth in Lending Act[2] ("TILA"); and (9) violation of the Fair Debt Collection Practices Act[3] ("FDCPA").[4] D.E. 1 at 1-3 ("Complaint" or "Compl.").

---

[1] 12 U.S.C. § 2601 *et seq*.
[2] 15 U.S.C. § 1601 *et seq*.
[3] 15 U.S.C. § 1692 *et seq*.
[4] Plaintiffs do not name the FDCPA in their complaint but do cite it in their first opposition brief. D.E. 11 ¶¶ 21, 46-59. Construing the Complaint liberally, because it alleges "breaches of various consumer protection statutes," the Court discerns that Plaintiffs intended to also allege FDCPA

Plaintiffs filed the Complaint on February 1, 2024, seeking (1) a declaration that any foreclosure actions on the property are null and void, (2) compensatory and punitive damages, (3) an order reverting ownership of the Property to Plaintiffs, and (4) any additional relief the Court deems just and proper. *Id.* at 3.  CCM moved to dismiss for lack of subject-matter jurisdiction under Fed. R. Civ. P. 12(b)(1) and for failure to state a claim under Fed. R. Civ. P. 12(b)(6). D.E. 8-1 ("CCM Mot."). Nationstar moved to dismiss, purportedly on behalf of itself and Ginnie Mae, for failure to state a claim under Fed. R. Civ. P. 12(b)(6). D.E. 10-3 ("Nationstar Mot."). However, Nationstar later confirmed that it had inadvertently included Ginnie Mae in its motion and, because the Government is the only proper legal representative for Ginnie Mae, withdrew its arguments made on behalf of Ginnie Mae. D.E. 19. Ginnie Mae then filed its own motion to dismiss for lack of subject-matter jurisdiction under Fed. R. Civ. P. 12(b)(1) and for failure to state a claim under Fed. R. Civ. P. 12(b)(6). D.E. 21-1 ("Ginnie Mae Mot.").

Plaintiffs filed a joint opposition brief in opposition to CCM and Nationstar's motions. D.E. 11 ("Opp'n to N&CCM"). Plaintiffs filed a separate brief in opposition to Ginnie Mae's motion. D.E. 22 ("Opp'n to Ginnie Mae"). Defendants Reply. D.E.s 14 ("Nationstar Reply"), 15 ("CCM Reply"), 24 ("Ginnie Mae Reply").

The Court decides the motions without oral argument. *See* Fed. R. Civ. P. 78(b); L. Civ. R. 78(b). The Court will **GRANT** Defendants' motions to dismiss and **DISMISS** the Complaint *without prejudice*.

---

violations.  The Court is unable to discern allegations involving any additional consumer protection statutes.

2

I.  FACTS[5]

Plaintiffs own the real property located at 680 Elm Avenue, Ridgefield, NJ 07657 (the "Property"). Compl. at 1. On August 30, 2022, Plaintiffs borrowed $628,408.00 from CCM, Nationstar, and Ginnie Mae and secured the loan by a mortgage granted against the Property. *Id.* at 1-2. CCM is the "original lender," Nationstar is the "servicer," and Ginnie Mae is the "investor." *Id.* at 2. Plaintiffs allege the Loan was "improperly handled." *Id.*

Plaintiffs' opposition to CCM's and Nationstar's motions appears to allege an improper securitization of the Loan and a failure to record mortgage assignments. *See, e.g.*, Opp'n to N&CCM ¶¶ 96, 124, 157. However, to the extent Plaintiffs make additional factual allegations in their opposition brief such as these, the Court may not consider them for purposes of a motion to dismiss. *See Gould Elecs., Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000); *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010), *cert. denied*, 562 U.S. 1271 (2011). Plaintiffs may not amend their Complaint in their opposition brief. *See Pennsylvania ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988); *Talley v. United States*, No. 11-cv-1180, 2014 WL 282680, at *5 (D.N.J. Jan 24, 2014).

II.  **LEGAL STANDARD**

   A.  **Federal Rule of Civil Procedure 12(b)(1)**

"'When a motion under Rule 12 is based on more than one ground, the court should consider the 12(b)(1) challenge first because if it must dismiss the complaint for lack of subject matter jurisdiction, all other defenses and objections become moot.'" *Dickerson v. Bank of Am.,*

---

[5] The facts in this section are taken from the well-pled factual allegations in the Complaint, which the Court presumes to be true for purposes of resolving the motions to dismiss. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Complaint is almost entirely devoid of factual allegations, but the Court is able to glean the following few facts alleged.

*N.A.*, No. 12-cv-3922, 2013 WL 1163483, at *1 (D.N.J. Mar. 19, 2013) (quoting *In re Corestates Trust Fee Litig.*, 837 F. Supp. 104, 105 (E.D. Pa. 1993), *aff'd* 39 F.3d 61 (3d Cir. 1994)).

A motion to dismiss under Fed. R. Civ. P. 12(b)(1) challenges the subject-matter jurisdiction of the court. Under Rule 12(b)(1), "a court must grant a motion to dismiss if it lacks subject-matter jurisdiction to hear a claim." *In re Schering Plough Corp. Intron/Temodar Consumer Class Action*, 678 F.3d 235, 243 (3d Cir. 2012) ("*Temodar*"); *see* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

A Rule 12(b)(1) motion is considered a "facial challenge" to the court's subject-matter jurisdiction when it "attacks the complaint on its face without contesting its alleged facts." *Hartig Drug Co. Inc. v. Senju Pharm. Co.*, 836 F.3d 261, 268 (3d Cir. 2016). If the defendant brings its Rule 12(b)(1) motion before answering the complaint or "otherwise present[ing] competing facts," the Rule 12(b)(1) motion is, "by definition, a facial attack." *Const. Party of Pa. v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014) (citation omitted). When reviewing a facial attack, the court "must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff." *Gould Elecs., Inc.*, 220 F.3d at 176 (first citing *Mortensen v. First Fed. Sav. and Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977); then citing *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993)).

B. **Federal Rule of Civil Procedure 12(b)(6)**

Rule 12(b)(6) permits the dismissal of a case for failure to state a claim. Fed. R. Civ. P. 12(b)(6). In reviewing a motion to dismiss for failure to state a claim, the reviewing court accepts all well-pled facts as true, construes the complaint in the plaintiff's favor, and determines "whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v.*

*Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (internal quotation marks and citation omitted). To survive a Rule 12(b)(6) challenge, the plaintiff's claims must be facially plausible, meaning that the well-pled facts "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The allegations must be "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Finally, "[i]n deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010).

Because Plaintiffs proceed *pro se*, the Court construes the Complaint liberally and holds it to a less stringent standard than papers filed by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court, however, need not "credit a *pro se* plaintiff's 'bald assertions' or 'legal conclusions.'" *Grohs v. Yatauro*, 984 F. Supp. 2d 273, 282 (D.N.J. 2013) (quoting *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)).

### III. ANALYSIS

The Court first considers whether it has subject-matter jurisdiction. *See Dickerson*, 2013 WL 1163483, at *1. Because CCM's and Ginnie Mae's Rule 12(b)(1) motions come before they answer or otherwise presents competing facts, the motions are facial attacks. *See Aichele*, 757 F.3d at 358. Therefore, "like a 12(b)(6) motion," the Court determines whether Plaintiffs' allegations, taken as true, give rise to federal subject-matter jurisdiction. The Court finds that it lacks subject-matter jurisdiction over this action.

      **A.**      **Plaintiffs Do Not Adequately Allege Article III Standing**

Ginnie Mae argues that Plaintiffs lack Article III standing because they "do not specify any actions Ginnie Mae took with respect to the loan, let alone why or how the relief requested against Ginnie Mae will redress any alleged injury" and because "Plaintiffs do not allege any particularized and concrete injury to begin with." Ginnie Mae Mot. at 3. Plaintiffs argue otherwise but do not reference facts alleged in their Complaint. Opp'n to Ginnie Mae at 1-7.

The Complaint does not allege facts sufficient to confer Plaintiffs with Article III standing, as to any Defendant, because it does not allege any particularized and concrete injury to Plaintiffs. Compl.; *see Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992) (setting forth three requirements for standing: (1) a concrete and particularized injury-in-fact, (2) a causal connection between that injury and the defendant's challenged conduct, and (3) a likelihood that the alleged injury will be redressed by a favorable decision). Alleging that Defendants "improperly handled" Plaintiffs' mortgage-secured loan does not, in and of itself, satisfy any of the three standing requirements. Therefore, the Court lacks subject-matter jurisdiction to hear the claims. *See Warth v. Seldin*, 422 U.S. 490, 499 (1975); *Petroleos Mexicanos Refinancion v. M/T King, A (Ex-Tbilisi)*, 377 F.3d 329, 334 (3d Cir. 2004). The Court will **DISMISS** the Complaint *without prejudice* for lack of Article III standing. Plaintiffs may amend the Complaint within 45 days to attempt to allege facts sufficient to confer it with Article III standing.

      **B.**      **Plaintiffs Fail to Satisfy the Rule 8(a)(2) Pleading Standard**

Even if standing were not an issue, the Complaint is so devoid of factual allegations, it does not satisfy Rule 8(a)(2), at least with respect to the federal claims. Plaintiffs claim this Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 due to violations of three federal

statutory schemes: the RESPA, the TILA, and the FDCPA.[6] Compl. at 1-3; Opp'n to N&CCM ¶¶ 20-59. However, the Complaint is so lacking in substance that the Court is unable to discern which of the various provisions of these statutes are implicated.

Rule 8(a)(2) requires that a complaint provide a "short and plain statement of [each] claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint need not allege "detailed factual allegations," but must possess more than "an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A court may dismiss a complaint for failure to comply with this rule if it "is so confused, ambiguous, vague, or otherwise intelligible that its true substance, if any, is well disguised." *Tillio v. Northland Grp. Inc.*, 456 F. App'x 78, 79 (3d Cir. 2012) (per curiam); *see Binsack v. Lackawanna Cnty. Prison*, 438 F. App'x 158, 160 (3d Cir. 2011) (per curiam) (holding that dismissal on Rule 8 grounds is proper when a complaint "left the defendants having to guess what of the . . . things discussed constituted [a cause of action]"). "A litigant is not absolved from complying with . . . the federal pleading requirements merely because s/he proceeds *pro se*." *Thakar v. Tan*, 372 F. App'x 325, 328 (3d Cir. 2010) (per curiam); *see McNeil v. United States*, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.").

The Court agrees with Defendants that the Complaint fails to satisfy the pleading standard in Fed. R. Civ. P. 8(a)(2), at least with respect to Plaintiffs' federal law claims.[7] Despite referencing a number of potential causes of actions, the factual allegations do not give notice to

---

[6] There are no allegations from which the Court may conclude that diversity jurisdiction applies, and Plaintiffs do not argue that this Court has diversity jurisdiction. *See* 28 U.S.C. § 1332.

[7] As discussed, *infra*, the Court will not consider Plaintiffs' state law claims as it declines to exercise supplemental jurisdiction over those claims at this time.

Defendants as to what the actual alleged violations are. Merely alleging that the Loan was "improperly handled," Compl. at 2, cannot form the basis of the notice required under Rule 8(a)(2).[8]

This is evidenced by the fact that Defendants struggle to discern what Plaintiffs are alleging and therefore appear to guess why Plaintiffs fail to state a claim under the federal causes of action alleged.[9] *See generally* CCM Mot.; Nationstar Mot. This lack of fair notice of the claims is precisely what Rule 8(a)(2) is designed to avoid. *See Walter Reade's Theatres, Inc. v. Loew's Inc.*, 20 F.R.D. 579, 582 (S.D.N.Y. 1957) (explaining that one of the purposes of Rule 8(a)(2) is to "notify the defendants of the claim upon which plaintiff seeks recovery"). Without even a short and plain statement showing why Plaintiffs are entitled to relief under the TILA, the RESPA, or the FDCPA, the Court is unable to determine whether Defendants' substantive arguments are even applicable to the allegations at issue.[10]

Because the Complaint does not assert federal claims under RESPA, TILA, or FDCPA, even if standing were not a threshold issue, the Court would not exercise supplemental jurisdiction

---

[8] In Plaintiffs' opposition to Ginnie Mae's motion to dismiss, Plaintiffs describe a supposed complaint that, *inter alia*, "begins with an introduction to the mortgage industry's transformation through securitization" and describes CCM's transfer of mortgage loans into the "GINNIE MAE REMIC TRUST 2022-154." Opp'n to Ginnie Mae at 24. This is not in the Complaint. To the extent Plaintiffs are referring to their opposition to CCM and Nationstar's motions, D.E. 11, Plaintiffs are reminded that they may not amend their Complaint in their opposition brief. *See Pennsylvania ex rel. Zimmerman*, 836 F.2d at 181; *Talley*, 2014 WL 282680, at *5.

[9] For example, Defendants argue that the RESPA and TILA claims are time-barred. CCM Mot. at 9; Nationstar Mot. at 7-10; Ginnie Mae Mot. at 11. However, without understanding the violation alleged, it is impossible to determine whether that argument is correct. For example, Nationstar notes that it is "impossible to determine whether" a potential recission claim under RESPA would fall under Section 2605 (a three-year statute of limitation) or Section 2607 (a one-year statute of limitation). Nationstar Mot. at 10.

[10] The Court notes that Plaintiffs' opposition briefs include a number of new factual allegations that, if included in an amended complaint, *might* satisfy Rule 8(a)(2)'s pleading standard.

over Plaintiff's state law claims. *See Barry v. Pennsauken Bd. of Educ.*, No. 16-cv-9230, 2018 WL 6332511, at *4 (D.N.J. Nov. 7, 2018) (holding that when no federal claims survive, courts "'must decline' to exercise supplemental jurisdiction . . . 'unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so'" (quoting *Stone v. Martin*, 720 F. App'x 132, 136 (3d Cir. 2017))); *see also Ezell v. JPMorgan Chase Bank Nat'l Ass'n*, No. 18-cv-1407, 2020 WL 525899, at *7 (D.N.J. Jan. 31, 2020) ("Where the federal claims are dismissed at an early stage in the litigation, courts generally decline to exercise supplemental jurisdiction over state claims." (first citing *United Mine Workers v. Gibbs*, 383 U.S. 716, 726 (1966); then citing *Growth Horizons, Inc. v. Delaware Cnty.*, 983 F.2d 1277, 1284-85 (3d Cir. 1993))).

  **C.** **Because the Complaint Does Not Satisfy Rule 8(a)(2), The Court Cannot Determine, At This Juncture, Whether Sovereign Immunity Bars Plaintiffs' Claims Against Ginnie Mae**

Ginnie Mae argues that sovereign immunity bars Plaintiffs' claims against it. Ginnie Mae Mot. at 4-9. Plaintiffs argue otherwise, again relying on allegations that appear nowhere in the Complaint. Opp'n to Ginnie Mae at 8-14. However, because the allegations in the Complaint do not even meet the Rule 8(a)(2) pleading standard, they do not provide a sufficient basis on which to determine whether Ginnie Mae is shielded by sovereign immunity. Ginnie Mae may raise this argument again should Plaintiffs amend the Complaint.

IV. CONCLUSION

For the foregoing reasons, the Court will **GRANT** Defendants' motions to dismiss and **DISMISS** the Complaint *without prejudice*. Plaintiffs will have 45 days to file an amended complaint to cure the deficiencies identified above. An appropriate Order accompanies this Opinion.

Dated: December 18, 2024

Evelyn Padin, U.S.D.J.